# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER GOODVINE,**

    **Plaintiff,**

   v.                                               Case No. 10-C-1166

**DR. FLYNN, DR. CHRISTINE APPLE,
DR. HEINRICHS, DR. SPOTTS, CAPTAIN SLAYTON,
OFFICER GOETTLE, OFFICER IVY, OFFICER FABUS,
OFFICER WITKOWSKI, OFFICER WITT,
DR. SARAH SILVER, MELISSA ELSBRIE,
LT. MIKELL, JASON ALDANA, KEVIN KALLAS, MD,
DAN WESTFIELD, and JANE DOE PSYCHOLOGIST,**

    **Defendants,**

## ORDER

Plaintiff, Christopher Goodvine, a state prisoner, filed a _pro se_ complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was confined at the Racine Correctional Institution. This matter comes before me on plaintiff's motion for leave to proceed _in forma pauperis_, his motion to substitute parties, his motion to appoint counsel, and his motion for protective order or, in the alternative, motion to prevent spoilage of evidence. Plaintiff also has made an informal request to file an amended complaint.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. _See_ 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed _in forma pauperis_. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his

complaint, as required under 28 U.S.C. § 1915(a)(2). The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). I will grant his motion for leave to proceed in forma pauperis.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint

allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### I. COMPLAINT AVERMENTS[1]

In his sworn complaint, plaintiff provides extensive details regarding his refusal to eat and drink in late August and early September 2010, and three separate suicide attempts in September 2010. Plaintiff also discusses his history of self-harm (and

---

[1] In addition to his complaint, plaintiff filed a motion to substitute parties. However, the parties he seeks to substitute are already named in plaintiff's complaint and the allegations against them are set forth in paragraphs 91 through 94 of the complaint. Accordingly, this motion will be denied as moot.

defendants' awareness of plaintiff's history), his repeated warnings of self-harm, cries for help, and acts of self-harm. His statement of facts details the involvement of each defendant in his proposed claims.

## II. DISCUSSION

Plaintiff sets forth the following claims: (1) that defendants Aldana, Apple, Flynn and Slayton failed to implement procedures regarding suicide prevention; (2) that defendants Aldana and Slayton failed to implement procedures regarding objects of self-harm; (3) that defendants Flynn Heinrichs, Aldana, Slayton, Mikell, Goettle, Ivy, Fabus, Witkowski and Witt failed to protect plaintiff from himself; (4) that defendant Flynn failed to treat plaintiff's underlying mental illness; (5) that defendants Apple and Kallas failed to screen prisoners for clinical contraindications prior to immobilizing them in restraints; (6) that defendants Aldana, Mikell, Spotts, Jane Doe 1, and Slayton put plaintiff in restraints for twenty-four hours with no review; (7) that defendants Aldana, Slayton, Apple, Flynn, and Spotts, deprived plaintiff of his basic needs for eight days; (8) that defendants Silver and Elsbrie were deliberately indifferent to plaintiff's serious medical needs when they treated plaintiff in the emergency room at All Saints hospital in Racine; and (9) that defendants Kallas and Westfield failed to implement appropriate statewide policies regarding suicide attempts and objects of self-harm.

Each of these claims implicate plaintiff's Eighth Amendment rights, either directly or in the form of policies that may violate his rights. He will be allowed to proceed on each

of these claims.[2] Plaintiff also asks me to exercise supplemental jurisdiction over state law negligence, medical malpractice, and battery claims, which I will do at this time.

### III. PLANTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for the appointment of counsel. He submits that he has contacted at least twelve attorneys in writing, but that he has been unable to obtain counsel on his own. Plaintiff argues that he has been assisted by other inmates and, given the difficulty of the case, is not competent to try it himself. Plaintiff points to the necessity of medical evidence in this case as another reason he needs the assistance of counsel. He also cites discovery complications in the case and his history of mental illness. Finally, plaintiff maintains that the presence of counsel would make a different in the outcome of this case.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the

---

[2] I note that defendants Silver and Elsbrie are employed at All Saints Hospital in Racine, Wisconsin, and it is not clear that they are state actors who can be held liable under § 1983. However, at this time, plaintiff will be allowed to proceed on Eighth Amendment medical care claims against them.

outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

I will accept plaintiff's representation in his motion that he has contacted at least twelve attorneys via mail asking for representation and move on to the question of whether plaintiff appears competent to try this case himself. Plaintiff's complaint is thorough and sets forth plaintiff's complex claims with clarity and in great detail. However, the complaint itself, as well as other documents filed by plaintiff in this case, detail his mental illness, his periods of decompensation, and his numerous attempts at self-harm. Additionally, I have allowed plaintiff to proceed on claims involving not only what happened to him, but also claims regarding both institution and Department of Corrections policies. Accordingly, I do not consider plaintiff competent to try this case himself, and I will grant plaintiff's motion for appointment of counsel. The court will recruit pro bono counsel to assist plaintiff in this matter.

### IV. PLAINTIFF'S REQUEST TO FILE AMENDED COMPLAINT

Plaintiff recently filed a request to file an amended complaint to include claims regarding suicide attempts that occurred after he filed his original claims. He has not, however, submitted a proposed amended complaint as required by Civil L.R. 15 (E.D. Wis.). Therefore I will deny plaintiff's request without prejudice. Once I have recruited counsel, plaintiff may file a motion to amend and amended complaint that includes additional factual allegations, claims, or defendants.

### V. PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Finally, plaintiff filed a motion for protective order or, in the alternative, motion to prevent spoilation of evidence. He submits that some defendants may have been disciplined for their action or inaction relative to his claims in this case, which arose in August or September 2010. However, plaintiff asserts that, pursuant to their union contract, defendants have the right to purge their personnel files one year after any disciplinary infractions, as long as no other violations have occurred. Thus, plaintiff is concerned that records regarding the discipline of defendants may be purged before he has the opportunity to seek them in discovery. He therefore asks for an order prohibiting defendants (or the Wisconsin Department of Corrections) from destroying any of the defendants' personnel files or spoiling any records that may be related to the incidents giving rise to the complaints set forth in plaintiff's complaint. In light of these concerns, I will direct state defendants to file a response to this motion within seven days of accepting service of plaintiff's complaint. Therefore,

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Attorney General for service on the state defendants: Dr. Flynn, Dr. Apple, Dr. Heinrichs, Jane Doe psychologist at RCI, Dr. Spotts, Security Director Aldana, Captain Slayton, Lt. Mikell, Officer Goettle, Officer Ivy, Officer Fabus, Officer Witkowski, Officer Witt, Dr. Kevin Kallas, and Dan Westfield.

**IT IS FURTHER ORDERED** that, upon accepting service of plaintiff's complaint, state defendants shall within seven days file a response to plaintiff's motion for a protective order or, in the alternative, motion to prevent spoilation of evidence.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendants Dr. Sarah Silver and Nurse Melissa Esbrie pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that all defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion to substitute parties (Docket #3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket #5) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend (Docket #12) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $350.00

filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Honorable Lynn Adelman
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 6th day of July, 2011.

/s<br>
LYNN ADELMAN<br>
District Judge