# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER GOODVINE,**
        **Plaintiff,**

     v.                                     Case No. 10-CV-01166

**DR. SARAH SILVER, and**
**MELISSA ELSBRIE,**
        **Defendant.**

## DECISION AND ORDER

Plaintiff, Christopher Goodvine, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was confined at the Racine Correctional Institution. The complaint names several defendants, including state correctional officers, doctors employed by the Wisconsin Department of Corrections, and Dr. Sarah Silver and Nurse Melissa Elsbrie, who treated plaintiff at the emergency room at All Saints Hospital in Racine, Wisconsin. After screening the complaint under 28 U.S.C. § 1915A(a), I allowed plaintiff to proceed on claims that each defendant violated his rights under the Eighth Amendment by failing to prevent his suicide attempts or improperly caring for him afterwards. I also consented to exercise supplemental jurisdiction over plaintiff's state law claims against Silver and Elsbrie for negligence, medical malpractice and battery. At a subsequent status conference for the case on September 13, 2011, plaintiff and the state defendants advised me they had reached a settlement. I then informed the parties that I would dismiss the remaining claims against defendants Silver and Elsbrie without

prejudice to refiling and closed the case. Before me now is plaintiff's motion to reopen the case and stay the proceedings.

In his motion to reopen and stay, plaintiff indicates that he would like to reopen the case as to defendants Silver and Elsbrie. He further asks that the reopened case be stayed for ninety days while the parties comply with the mandatory mediation process required by Wisconsin statute in medical malpractice cases. Defendant Silver objects to plaintiff's motion on the grounds that plaintiff must file a new complaint to pursue his claims against her. She has also filed a motion to dismiss the complaint.

Because plaintiff's federal claims against defendants Silver and Elsbrie have not yet been resolved, I will grant the motion to reopen the case. However, I will not stay the case so the parties can engage in the mandatory mediation. Rather, I will order the parties to immediately brief the question of whether defendants Silver and Elsbrie were acting under the color of state law when they treated plaintiff in the emergency room. If they were not acting under color of state law, then § 1983 does not apply and there is no federal cause of action. If that is the case, this court should relinquish supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c); *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S. Ct. 1862, 1866 (2009); *Zuege v. Knoch*, No. 10-3373, 2011 WL 1930652, at *3 (7th Cir. May 20, 2011) (unpublished) ("When all federal claims are dismissed before trial, a district court should relinquish jurisdiction over pendant state-law claims unless the statute of limitations has run, substantial judicial resources have already been committed to resolving the pendant claims, or it is absolutely clear how the claims will

be decided. *See* 28 U.S.C. § 1367(c)(3); *Sharp Elec. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009).").

I will also deny defendant Silver's motion to dismiss because it incorporates facts from outside the pleadings without providing plaintiff, a pro se litigant, the notice required by Civil Local Rule 56(a). However, I will direct defendant Silver to file a motion for summary judgment, with the notice required by Civil Local Rule 56(a), within 30 days of this order. The time for plaintiff's response and Silver's reply, if any, is set forth in Civil Local Rule 56(b)(2) and (3).

**THEREFORE, IT IS ORDERED** that plaintiff's motion to reopen case [DOCKET #41] is **GRANTED** and this case is **REOPENED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay proceedings [DOCKET #41] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Sarah Silver's motion to dismiss [DOCKET #42] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Sarah Silver shall file a motion for summary judgment regarding whether she (and Elsbrie) were acting under the color of state law within thirty (30) days of the date of this order.

Dated at Milwaukee, Wisconsin, this 20th day of November 2012.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge