UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER GOODVINE,**
        **Plaintiff,**

     v.                                             Case No. 10-CV-01166

**DR. SARAH SILVER, and MELISSA ELSBRIE,**
        **Defendants.**

## DECISION AND ORDER

Defendant Dr. Sarah Silver filed her motion for summary judgment on December 6, 2012. On the same day, pro se plaintiff Christopher Goodvine filed a motion asking for the court to appoint counsel and seeking leave to amend his complaint. He also requests a stay of this case for 90-120 days so he can conduct limited discovery.

The complaint named several defendants, including state correctional officers and doctors employed by the Wisconsin Department of Corrections, but after a partial settlement there are only two remaining defendants: Dr. Sarah Silver and Nurse Melissa Elsbrie. These defendants treated plaintiff at the emergency room at Wheaton-Franciscan-All Saints Hospital in Racine, Wisconsin after he attempted to commit suicide while incarcerated at Racine Correctional Institution. Plaintiff is suing defendants under 42 U.S.C. § 1983 alleging that they violated his Eighth Amendment rights because they were deliberately indifferent to his serious medical needs. He claims they are state actors because the hospital had an agreement with either Racine County or the State of Wisconsin that required its doctors to treat state inmates. He is also bringing state law claims against them for negligence, medical malpractice and battery.

I administratively closed this case on September 13, 2011 after plaintiff reached his settlement with the majority of the defendants. Over a year later, on November 1, 2012, plaintiff filed a motion to re-open the case so he could pursue his remaining claims against defendants Silver and Elsbrie. In response, defendant Silver moved to dismiss the complaint.[1] I granted the motion to re-open and denied the motion to dismiss, but I ordered the parties to immediately brief the issue of whether Silver was a state actor at the time she treated plaintiff because, if she was not, plaintiff's § 1983 claims should be dismissed and this court should decline to exercise supplemental jurisdiction over his state law claims. Defendant Silver then moved for summary judgment arguing that she was not a state actor because she was not a party to any agreement requiring her to treat state inmates. She claims she was merely fulfilling her duty to treat all patients in the emergency room as required by the Emergency Medical Treatment and Active Labor Act ("the EMTALA"), 42 U.S.C. § 1395dd *et seq.*

First, I will deny plaintiff's motion to appoint counsel. I have discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If a plaintiff has made reasonable efforts to secure counsel on his own, as plaintiff has done here, I must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself, and, if not, would the presence of counsel likely make a different in the outcome of the case. *Id.* at 654–55. Based on the detailed briefs plaintiff has submitted to

---

[1] Defendant Elsbrie did not respond because she has yet to be served. The United States Marshals Service has been unable to reach her because she has moved out of the country.


the court over the past few months, I find that he is competent enough at least to respond to defendant's motion for summary judgment. Therefore, I will deny his motion without prejudice. If I find that defendant is a state actor and allow the case to go forward, then plaintiff can renew his request for counsel.

Second, I will deny plaintiff's motion to amend the complaint. In his proposed amended complaint, plaintiff drops his § 1983 claims and substitutes them with a claim that he did not receive the level of care required under the EMTALA. His state law claims remain unchanged. Fed. R. Civ. P. 15(a)(2) states that leave "should be freely given when justice so requires," but there are limits. "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008). Plaintiff waited almost two years after filing his complaint before asking to add this new EMTALA claim, and he only sought to amend his complaint after I informed him that I will dismiss the case for lack of jurisdiction if his § 1983 claims fail. Therefore, this appears to be an attempt to salvage jurisdiction by changing the federal claim. I find that such a change at this late date would be prejudicial to defendant. However, plaintiff is free to file a renewed motion to amend his complaint if I find that defendant was acting under color of state law and allow plaintiff to proceed with his current claims.

Finally, I will grant plaintiff's motion to stay briefing on the motion for summary judgment so he can conduct limited discovery. However, I will limit discovery solely to the issue of whether defendants were state actors at the time they treated plaintiff. Plaintiff has

3

until February 15, 2013 to serve any discovery requests on this topic that he wishes to serve. If plaintiff meets this deadline, he should have responses to all of his discovery requests no later than March 15, 2013. *See, e.g.*, Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections withing 30 days after being served with the interrogatories."). Plaintiff has 30 days after that date, until April 15, 2013, to file an amended brief in opposition to defendant's motion for summary judgment. *See* Fed. R. Civ. P. 56(d)(2).

**THEREFORE, IT IS ORDERED** that plaintiff's request for appointment of counsel [DOCKET #48] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the complaint [DOCKET #48] is **DENIED**. The clerk should strike the amended complaint filed by plaintiff from the record.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay briefing on the motion for summary judgment pending discovery [DOCKET #48] is **GRANTED**. Plaintiff shall serve all discovery requests related to the issue of whether defendants are state actors under 42 U.S.C. § 1983 on or before **February 15, 2013**, and the deadline for plaintiff's brief in opposition to the motion for summary judgment is extended to **April 15, 2013**.

Dated at Milwaukee, Wisconsin, this 13th day of January 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge